IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HARRY DELGADO,

    Petitioner,

v.                                                           Civil Action No. 3:11CV165

E.D. WILSON,

    Respondent.

## MEMORANDUM OPINION

Harry Delgado, a federal inmate who is currently incarcerated in the Federal Correctional Institute in Petersburg, Virginia, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). Delgado contends that he did not receive due process in conjunction with his institutional conviction. Specifically, Delgado asserts there was insufficient evidence to support that conviction for possession of a hazardous tool, which resulted in the loss of 40 days of good conduct time. Respondent has moved for summary judgment on the ground that Delgado's § 2241 Petition is moot. Delgado has not responded.[1] The matter is ripe for disposition.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

---

[1] Respondent provided Delgado with the appropriate notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

(1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting former* Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Here, Respondent has submitted a declaration from Curtis Hise, a Discipline Hearing Administrator for the Mid-Atlantic Regional Office of the Bureau of Prisons ("BOP"). (Resp't's Mot. Summ. J. & Mem. Supp. Ex. 1 ("Hise Decl.").) Respondent also submitted copies of Delgado's disciplinary record. (Hise Decl. Attachs. 1 & 2.) Additionally, Respondent relies upon the documents Delgado submitted in conjunction with his § 2241 Petition. In light of the foregoing submissions, the following facts are established for purposes of the Motion for Summary Judgment.

## II. Summary of Pertinent Facts

After a disciplinary hearing, a Disciplinary Hearing Officer ("DHO") found Delgado guilty of the institutional charge of possession of a hazardous tool. (§ 2241 Pet. Ex. D 3.) The DHO sanctioned Delgado with the imposition of 60 days of disciplinary segregation, a transfer, forfeiture of 40 days of good conduct time, and the loss of some privileges. (*Id.*; § 2241 Pet. 1.) On March 16, 2011, the Court received Delgado's § 2241 Petition. In his § 2241 Petition, Delgado requests that the Court declare that he did not receive due process in conjunction with his institutional conviction for possession of a hazardous tool. (§ 2241 Pet. 11.) Delgado further

requests the conviction "be rescinded and that the 40 days forfeited Good Conduct Time be restored." (*Id.*)

On December 23, 2011, the Court denied Respondent's motion to dismiss Delgado's § 2241 Petition. *See Delgado v. Wilson*, No. 3:11CV165, 2011 WL 6750768, at *4 (E.D. Va. Dec. 23, 2011). On January 5, 2012, the BOP expunged from Delgado's institutional record his conviction of possession of a hazardous tool and the sanctions imposed as a result of that conviction. (Hise Decl. ¶¶ 5, 6; Hise Decl. Attach. 1 & 2.) Additionally, the BOP restored to Delgado the 40 days of good conduct time, which had been forfeited as a result of that conviction. (Hise Decl. ¶ 6; Hise Decl. Attach. 1 & 2.)

### III. Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "'be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (*quoting Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, Delgado has received all the relief he could obtain by a favorable ruling on his habeas—the BOP has expunged the pertinent conviction from Delgado's record and restored to Delgado his forfeited good conduct time. That action renders Delgado's § 2241 Petition moot. *See Johnson v. Finnan*, 252 F. App'x 98, 99 (7th Cir. 2007) (emphasizing that a federal habeas court "reviews *custody* (here, a revocation of good-time credits), and when [the alleged violation that impacts the duration of the inmate's sentence] ends (here, by restoration of the credits) the federal proceeding

becomes moot");[2] *see also Spencer*, 523 U.S. at 18 (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong"). Accordingly, the Motion for Summary Judgment (Docket No. 13) will be granted and the action will be dismissed as moot.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 5/3/12
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[2] To the extent that Delgado wishes any relief with respect to the other sanctions imposed as a result of his institutional conviction—which did not impact the duration of his confinement, he must file a separate civil rights action.

4